UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KOSTMAYER CONSTRUCTION COMPANY            CIVIL ACTION

VERSUS            NO. 05-4042
           c/w  06-0247

JEFFERSON MARINE TOWING, INC., ET AL            SECTION "N" (3)

## ORDER AND REASONS

Presently before the Court is Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability (Rec. Doc. No. 66). The Court has carefully reviewed the parties' written submissions in connection with this motion, reviewed applicable law, and, on January 10, 2007, heard oral argument. Having considered the foregoing, **IT IS ORDERED** that Plaintiffs' motion is **GRANTED**.

The Court does not find that Defendant Jefferson Marine has demonstrated that a genuine issue of material fact exists with respect to Plaintiffs' alleged liability in connection with the tow of the Barge OU-701. In opposing Plaintiffs' motion, Jefferson Marine's strongest argument is premised upon the deposition testimony of its dispatcher, Ted Lawson, regarding a conversation with Kostmayer's general superintendent, Mark Bennett, just before the tow of the Barge OU-701 commenced. Specifically, Lawson maintains that, when asked, Bennett could not

1

tell Lawson the exact height of the crane. Rather, he could only guess. In addition, according to Lawson, Bennett did suggest that, although the boom had been extended, the extension should not have much effect on the usual height of the crane.

Assuming Lawson is correct regarding Bennett's statements for purposes of the instant motion, the statements do not render summary judgment inappropriate. According to Lawson's account, Bennett informed him that he did not know of the crane's exact height. Bennett did not state that he had confirmed the barge/crane's bridge clearance, or that Jefferson Marine should not measure the boom. Nor did he refuse a request that Kostmayer send out someone to measure the boom and/or provide a crane operator to accompany the tow. Given the foregoing, the Court does not find that Plaintiffs should bear any responsibility for the towing accident under comparative fault principles.

New Orleans, Louisiana, this  22nd   day of February 2007.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**